UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| P.K., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 17-cv-1533 (TSC) |
| | ) | |
| REX W. TILLERSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs and Defendants are both directed to file supplemental briefs and any necessary evidentiary material addressing the following three questions:

1. What is the current status of the visa applications of the four Plaintiffs in this case?

2. Given the status of the applications, do all four Plaintiffs still have standing to seek the Preliminary Injunction and requested mandamus relief?

3. Is the Foreign Affairs Manual owed deference by the court for its interpretations of the Immigration and Nationality Act ("INA")?

Defendants are to address four additional questions in their supplemental brief:

1. What is the basis for the government's assertion that Section 1152(a) of the INA—the section prohibiting discrimination on the basis of national origin—does not apply to the issuance of visas in this case?

2. If any Plaintiff has been denied a visa for eligibility reasons unrelated to the Executive Order, Defendants are directed to identify the reason for denial. If a Plaintiff has been "refused for administrative processing," but for reasons Defendants claim are unrelated to the Executive Order, Defendants are directed to indicate whether and how many other diversity visa applicants from countries not impacted by the Order have been "refused for administrative processing."

3. Do Defendants contest that if a particular Plaintiff is held for administrative processing related to the Executive Order, either before or after determination of

statutory eligibility for a visa, until September 24th, that the Plaintiff may be unable to receive a visa after September 24th due to exhaustion of all available diversity visas; while the Plaintiff may have been able to receive one had his or her application been processed earlier?

4. Are Defendant consular officials allowed any discretion to deny a diversity visa to someone who meets the statutory work or education criteria?

Defendants are also ordered to submit a sample "advisory opinion" of the type mentioned during oral argument, redacted as necessary, for the court's review. The parties' supplemental briefs should be no more than 12 pages and are due by August 28, 2017.

Date: August 23, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge