**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| P.K., *et al.*, on behalf of themselves and all others similarly situated,    ) ) ) ) | No. 1:17-cv-01533-TSC |
| Plaintiffs/Petitioners,    ) ) | |
| v.    ) ) | |
| MICHAEL R. POMPEO, *et al.*,    ) | |
| Defendants/Respondents.    ) | |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby file this Notice of Supplemental Authority to alert the Court to *Gomez v. Trump*, -- F. Supp. 3d --, 2020 WL 5367010 (D.D.C. Sept. 4, 2020) (Mehta, J.), a new decision relevant to this case.

In *Gomez*, several sets of plaintiffs challenged President Trump's COVID-related proclamations, which suspend entry for immigrants and those arriving on certain nonimmigrant visas until December 31, 2020. *Id.* at *1. The State Department had interpreted these proclamations as extending to visa issuance as well as entry. *Id.* One set of plaintiffs consisted of winners of the 2020 diversity visa lottery. *Id.*

As in this case, the government asserted that the plaintiffs' case was barred by consular nonreviewability. The court rejected this assertion, holding that the plaintiffs "challenge the State Department's refusal to review and adjudicate their pending visa applications or issue or reissue a visa due to the Proclamations," and not "an affirmative visa 'determination.'" *Id.* at *16.

While the court found that *Trump v. Hawaii* and other cases likely foreclosed the plaintiffs' challenge to the proclamations themselves, *id.* at *17-26, the court found that the plaintiffs were likely to succeed in their challenges to the State Department's implementation of the proclamations, *id.* at *26-33. As do Plaintiffs in this case, the *Gomez* plaintiffs alleged that the

State Department's extension of the proclamations' *entry* restrictions to the process of visa *issuance* violated the INA and thus was contrary to law. *Id.* at *26. Like Defendants in this case, the governmental defendants in *Gomez* asserted that the State Department's no-visa policy was "an automatic consequence of another statutory provision of the INA—8 U.S.C. § 1201(g)—and therefore does not violate the APA." *Id.* at *27. The court found that "that argument ignores 'the basic distinction between admissibility determinations,' *i.e.*, entry determinations, and 'visa issuance that runs throughout the INA.'" *Id.* (quoting *Trump v. Hawaii*, 138 S. Ct. 2392, 2414 & n.3 (2018)) (footnote omitted).

Subsection 1201(g), the court noted, "precludes the issuance of visas only as to persons who are 'ineligible to *receive a visa*' under Section 1182, not to persons who are only ineligible *to enter* under that provision." *Id.* (quoting 8 U.S.C. § 1182(g)). "The categories of persons deemed ineligible to receive a visa pursuant to § 1201(g) appear in § 1182(a), not § 1182(f)." *Id.* The *Gomez* court held that the INA does not allow the President to supplement the categories of inadmissible aliens listed in § 1182(a). *Id.* The court rejected the defendants' argument, also made by Defendants in this case, that § 1182(f) is a "paragraph" referenced in § 1182(a). As Plaintiffs have argued in this case, the *Gomez* court stated that § 1182 distinguishes between *paragraphs* and *subsections*, and that "'the following paragraphs' in § 1182(a) include only the ten paragraphs of § 1182(a); they do not also include § 1182(f), a distinct subsection of § 1182." *Id.*

Finally, the *Gomez* defendants, like Defendants here, invoked *Trump v. Hawaii* to claim that § 1182(f) authorizes restrictions on visa issuance. The court likewise rejected this argument. It noted that the *Hawaii* Court "never held that the President's suspension of entry under § 1182(f) renders a person ineligible to receive a visa. To the contrary, all the examples *Hawaii* cites all

come from § 1182(a)." *Id.* Rather, the *Hawaii* Court cited § 1182(f) as a screen on entry, not visa issuance. *Id.* The court found that, if anything, *Hawaii* supported its reading of § 1182. *Id.*

Because the defendants "have not identified any statutory authority that would permit the suspension of this ordinary process," the court found that the plaintiffs "are likely to succeed on the merits of their claim" that the State Department's no-visa policy was in excess of statutory authority and not in accordance with law. *Id.* at *28. Cognizant of the September 30 deadline for diversity visas, the court granted a preliminary injunction against the State Department's no-visa policy "as applied to DV-2020 selectees and their derivative beneficiaries." *Id.* at *38.

Plaintiffs submit that this Court should follow the reasoning of the *Gomez* court.

Dated: September 16, 2020              Respectfully submitted,

                                       */s/ Matthew E. Price*
                                       Matthew E. Price
                                       Noah B. Bokat-Lindell
                                       JENNER & BLOCK LLP
                                       1099 New York Ave. NW, Suite 900
                                       Washington, DC 20001
                                       (202) 639-6000 – Telephone
                                       (202) 639-6066 – Fax
                                       mprice@jenner.com
                                       *Counsel for Plaintiffs*