# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| HAMED SUFYAN OTHMAN ALMAQRAMI, *et al.*, <br><br> *Plaintiffs/Petitioners*, <br><br> v. <br><br> ANTONY J. BLINKEN, in his official capacity as Secretary of State, *et al.*,[1] <br><br> *Defendants/Respondents*. | Civil Action No. 1:17-cv-01533-TSC |

## NOTICE AND UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

BRIAN BOYNTON
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

SAMUEL P. GO
Assistant Director

JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
Fax: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

Dated: January 27, 2021                    *Attorneys for Defendants*

---

[1] On January 26, 2021, Antony J. Blinken was sworn in as Secretary of State, automatically substituting for his predecessor, Michael R. Pompeo, pursuant to Federal Rule of Civil Procedure 25(d).

Defendants respectfully provide the following notice of Presidential action directly relevant to the case at bar. Specifically, Plaintiffs brought this action under the Administrative Procedure Act ("APA") challenging the effect of Presidential Proclamation 9645 on the diversity-visa application process for fiscal year 2017. On January 20, 2021, however, the President signed a Presidential Proclamation rescinding Executive Order 13780 (Protecting the Nation From Foreign Terrorist Entry Into the United States), Proclamation 9723 (Maintaining Enhanced Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats), Proclamation 9983 (Improving Enhanced Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats), and, most relevant here, Proclamation 9645 (Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats). *See* Presidential Proclamation, *Ending Discriminatory Bans on Entry to the United States*, *available at* https://www.whitehouse.gov/briefing-room/presidential-actions/2021/01/20/proclamation-ending-discriminatory-bans-on-entry-to-the-united-states/ (last visited Jan. 26, 2021); *see also* Rescission of Presidential Proclamation 9645 and 9983, *available at* https://travel.state.gov/content/travel/en/News/visas-news/rescission-of-presidential-proclamations-9645-and-9983.html.

More specifically, the Proclamation's section 2, titled "Resumption of Visa Processing and Clearing the Backlog of Cases in Waiver Processing," states:

(b) Within 45 days of the date of this proclamation, the Secretary of State shall provide to the President a report that includes the following elements:

….

ii. A proposal to ensure that individuals whose immigrant visa applications were denied on the basis of the suspension and restriction on entry imposed by Proclamation 9645

1

       or 9983 may have their applications reconsidered. This proposal shall consider whether to reopen immigrant visa applications that were denied due to the suspension and restriction on entry imposed by Proclamation 9645 or 9983, whether it is necessary to charge an additional fee to process those visa applications, and development of a plan for the Department of State to expedite consideration of those visa applications.

  iii.    A plan to ensure that visa applicants are not prejudiced as a result of a previous visa denial due to the suspension and restriction on entry imposed by Proclamation 9645 or 9983 if they choose to re-apply for a visa.

*Id.*

Based on this development, Defendants move the Court to stay proceedings in this action for ninety (90) days while the United States Department of State implements section 2 of the January 20th Proclamation. This will allow for Defendants to provide the President with the requested report outlined in section 2 that may impact the resolution of this litigation. Counsel for Plaintiffs have been contacted and stated that they do not oppose this motion. In support of this joint request, the parties state the following:

(1) This is the Defendants' first request for a stay.

(2) The Defendants are currently implementing the January 20th Proclamation and will submit a report to the President by March 6, 2021.

(3) On January 21, 25, and 27, 2021, counsel for the parties discussed this issue telephonically and via electronic mail, and agreed that a stay extending until April 27, 2021 would be appropriate.

(4) Further, the additional time will permit the parties to continue to explore the possibility of an alternative resolution to this matter.

(5) This request is not for the purpose of undue delay, and a stay will not prejudice either side. Good cause, therefore, exists for Defendants' unopposed request. Accordingly, Defendants request that the Court hold the case in abeyance until April 27, 2021.

Respectfully submitted,

/s/ Joshua S. Press

| | |
|---|---|
| BRIAN M. BOYNTON<br>Acting Assistant Attorney General | JOSHUA S. PRESS<br>Senior Litigation Counsel<br>United States Department of Justice |
| WILLIAM C. PEACHEY<br>Director | Civil Division<br>Office of Immigration Litigation<br>District Court Section |
| SAMUEL P. GO<br>Assistant Director | P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Phone: (202) 305-0106<br>e-Mail: joshua.press@usdoj.gov |
| Dated: January 27, 2021 | *Attorneys for Defendants* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

                By: */s/ Joshua S. Press*
                    JOSHUA S. PRESS
                    Senior Litigation Counsel
                    United States Department of Justice
                    Civil Division